IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL VELEZ-CAJIGAS

Plaintiff

v.

ORDER OF ST. BENEDICT

Defendant

CIVIL NO. 98-1335 (SEC)

Taxation of Costs

## TAXATION OF COSTS

Before the Clerk of the Court in the above-captioned case is defendant the Order of St. Benedict's unopposed Bill of Costs. (Docket No. 69).

On September 29, 2000, a judgment was entered dismissing with prejudice the complaint filed in this case. (Docket No. 66). As prevailing party, defendant now seeks recovery of the following items of costs: (1) deposition expenses - $471.00; (2) fees for exemplification and copies of papers - $82.80; (3) service of process and subpoena - $410.00; and (4) other costs - $93.85.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

(1)  Fees of the clerk and marshal;

(2)  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and copies of papers necessarily obtained for use in the case;



    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

The Clerk of Court, having reviewed the abovementioned bill of costs and the record, makes the following determinations.

**Deposition Costs.** Defendant seeks to recover $471.00 for the cost related to the deposition of Rafael Vélez Cajiga. "Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking and transcribing depositions fits within [28 U.S.C. § 1920 (2)]." Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 38 (D.P.R. 2000), citing Templeman v. Chris Craft Corp., 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985).

The invoice submitted with the bill of costs to substantiate the deposition expenses shows the following:

| | |
|---|---:|
| Deposition transcript | $ 306.00 |
| Reporter's appearance fee | 75.00 |

Civil No. 98-1335 (SEC)                                                                Page -3-

        Video tape services                                         190.00

        Total deposition expense - Rafael Vélez Cajiga  $  571.00

Pursuant to 28 U.S.C. § 1920 (2), the court reporter's attendance fee and the cost of transcribing depositions are allowed if the same are: introduced as evidence at trial in lieu of live testimony; used for impeachment purposes; or, used in connection with a successful motion for summary judgment. See, Chris Craft Corp., 770 F.2d at 249; United States v. Davis, 87 F. Supp. 2d 82, 87 (D.R.I. 2000); Donnelly v. Rhode Island Board of Governors for Higher Education, 946 F. Supp. 147, 151 (D.R.I. 1996).

Defendant used the abovementioned deposition in connection with a successful motion for summary judgment. Therefore, the amount of $381.00 paid for the deposition transcripts ($306.00) and court reporter fees ($75.00) related to the deposition of Rafael Vélez Cajiga is hereby allowed.

The Order of St. Benedict also seeks to recover $190.00 related to the videotaping of plaintiff's deposition. Generally the costs of either a videotape or a deposition transcript are taxable, but not both. Brown v. Kemper National Insurance Companies, 1998 WL 472586 at 2 (E.D.Pa.), citing Marcario V. Pratt & Whitney Canada, Inc., 1995 WL 649160 at 2 (E.D.Pa.). Independent and legitimate uses must be found for the transcription and the video, before both sets of costs can be recovered under 28 U.S.C. § 1920(2). See, Tilton v. Capital Cities/ABC, Inc. 115 F. 3d 1471, 1478 (10th Cir. 1997); Cherry v. Champion International Corporation, 186 F. 3d 442, 448 (4th Cir. 1999). Defendant failed to provide legitimate and independent uses to justify the taxation of both the transcription and video of the deposition. Thus, this expense is disallowed.

**Fees for Exemplification and Copies.** Defendant seeks recovery of $82.80 (828 copies x 10¢) for exemplification and copies of documents. The cost of photocopying documents necessarily obtained for use in a case are taxable under 28 U.S.C. § 1920(4). It is the policy of the Office of the Clerk to allow recovery of copying costs for those documents which are introduced as evidence at trial, or attached as an exhibit to a pleading that has been filed and served upon the opposing party. "Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered." Davis, 87 F. Supp. 2d at 88, citing Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D.Ga. 1995). Thus, it is the policy of the Clerk of the Court to disallow expenses for the photocopying of documents for the convenience of a party, or obtained for counsel's own use, absent court authorization. However, "[c]opies may be deemed necessary even if not used in the trial of the matter." Davis, 87 F. Supp. 2d at 88, citing Piester v. IBM Corp., 1998 WL 1267929 at 2 (1st Cir.).

Defendant alleges that a total of 828 copies were either submitted to the Court or notified to the parties. The Clerk of the Court finds that the total claimed by defendant is reasonable, consistent with the nature of the case, as well as the number of documents filed and served. Therefor, the recovery of $82.80 for photocopying expenses is allowed.

**Fees for Service of Summons and Subpoena.** Defendant seeks recovery of $410.00 expended for service of subpoenas to obtain medical records and relevant information that was attached to its successful motion for summary judgment. Rule 4(c)(2) of the Federal Rules of Civil Procedure allows for the service of process by any person who is not a party and who is at least 18 years of age. It is the policy of the Office of the Clerk

Civil No. 98-1335 (SEC)                                                                                        Page -5-

that service of process fees are taxable. The Clerk of the Court finds that these expenses were necessary for the case, therefor, the same are allowed.

**Other Costs.** Defendant seeks reimbursement of $93.85 for messenger fees ($88.00) and postage ($5.85). Said reimbursement is disallowed in view of the Court's holding that "[m]essenger services, faxes, telephone charges, postage, stamps, parking and Westlaw charges are all out-of-pocket expenses and, therefore, not recoverable." Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 783 (D.P.R. 1997) citing, Riofrio Anda v. Ralston Purina Co., 772 F. Supp. 46, 54 (D.P.R. 1991), aff'd on other grounds, 959 F. 2d 1149 (1st Cir. 1992) and In re San Juan Dupont Plaza Hotel Fire Litigation, 994 F. 2d 956, 964 (1st Cir. 1993).

WHEREFORE, a total amount of $873.80 is taxed as costs to defendant in the above-captioned case. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days from receipt of this notification.

In San Juan, Puerto Rico, this 22nd day of August, 2003.

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk